THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SRC LABS LLC and SAINT REGIS MOHAWK TRIBE,

Plaintiffs,

v.

MICROSOFT CORPORATION,

Defendant.

Case No. 2:18-cv-00321-JLR

[PROPOSED] **PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. **CONFIDENTIAL MATERIAL**

Confidential materials may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE."

2.1. CONFIDENTIAL materials may include documents and tangible things that contain

[PROPOSED] PROTECTIVE ORDER - 1

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

non-public business information that is treated confidentially by the producing party in the ordinary course of business and whose disclosure may cause the producing party to be commercially disadvantaged or prejudiced. Some examples of CONFIDENTIAL materials are: trade secrets, technical information, technical practices, technical methods, know-how, product research, product design, product formulas, product testing, product development, product manufacturing, minutes of confidential board meetings, minutes of confidential officer meetings, minutes of confidential employee meetings, pricing, finances, taxes, sales, profits, costs, licensing agreements, licensing negotiations, customers, customer lists, market projections, market forecasts, strategic plans, and marketing strategies.

    2.2. <u>HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY</u> materials are limited to materials that qualify as CONFIDENTIAL materials and whose disclosure to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.3 <u>CONFIDENTIAL SOURCE CODE</u> materials are limited to materials that qualify as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY materials that contain human-readable programming language text that defines software, firmware, or electronic hardware descriptions, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Examples include, but are not limited to, files containing source code written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages, as well as ".include" files, "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Source code does not include binary executable files and object code files, nor does it include tools such as compilers or linkers.

///

///

[PROPOSED] PROTECTIVE ORDER - 2

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

3. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain other than as a result of a disclosure by the receiving party in violation of this Order, including through trial. The protections afforded by this Order also cover and will continue to cover information disclosed in breach of the provisions of this order.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material, when not in the custody of the receiving party's counsel of record, must be stored and maintained by a receiving party at a location in the United States (or at a mutually agreed location) and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) no more than three of the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation

[PROPOSED] PROTECTIVE ORDER - 3

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and with regard to whom the procedures set forth in Section 4.4 below have been followed;

(d) the court, court personnel, and court reporters and their staff;

(e) professional vendors, professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material only to those persons identified in Section 4.2(a), (c)-(g).

4.4 Disclosure of and Challenges to Experts or Consultants. A receiving party seeking to provide CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE materials to an expert or consultant shall provide

[PROPOSED] PROTECTIVE ORDER - 4

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

the producing party with: (i) a current curriculum vitae for the expert or consultant that includes all expert engagements for the last five years and (ii) a copy of the completed and signed copy of Exhibit A.

(a) After 7 days, the receiving party may make the requested disclosures to the identified expert or consultant unless the producing party makes a written objection from the producing party that sets forth in detail all the factual and legal basis for the objection.

(b) If a written objection is received, the parties must meet and confer within 7 days to try and resolve the issues raised in the objection. If no agreement is reached, the party objecting to the requested disclosure (the producing party) must file a motion as provided by Local Civil Rule 7 seeking an appropriate protective order to preserve its objection. The objecting party (the producing party) bears the burden of proof. If no motion is filed as required above the objection is deemed waived and the receiving party may make the requested disclosures to the identified expert or consultant.

4.6 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party's ability to file of materials that have been designated as Confidential under this Order is not contingent on the Court granting permission to file them under seal.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate

[PROPOSED] PROTECTIVE ORDER - 5

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the appropriate designation, for example "CONFIDENTIAL," to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

[PROPOSED] PROTECTIVE ORDER - 6

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desire to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list

[PROPOSED] PROTECTIVE ORDER - 7

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that party must:

  (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

[PROPOSED] PROTECTIVE ORDER - 8

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party in its discretion must either return or destroy all confidential material to the producing party, including all copies, extracts and summaries thereof, excluding backed-up copies of emails that may contain such materials. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

[PROPOSED] PROTECTIVE ORDER - 9

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

11. **TREATMENT OF CONFIDENTIAL SOURCE CODE**

(a) Any materials designed CONFIDENTIAL SOURCE CODE shall be made available for inspection on a computer (the "Source Code Computer") in a format and environment allowing it to be reasonably reviewed and searched—the same format and environment as made available by the producing party to the producing party's experts and counsel—during normal business hours (9 am to 5 pm) or at other mutually agreeable times, either at an office of the producing party's counsel of record or another mutually agreeable location. Absent mutual agreement to such other location, Microsoft shall make its source code available in the Washington, D.C. office of Sidley Austin. Any material that the producing party does not treat in conformance with these requirements when provided to its own experts or witnesses in this case may not be designated as HIGHLY CONFIDENTIAL SOURCE CODE.

(b) The producing party must provide all reasonable software tools on the Source Code Computer that are needed to view, search, and understand the source code. To the extent practicable, these software tools should be the same tools used by the producing party in the ordinary course of business.

(c) During any source code review session, the receiving party may print limited portions of source code as PDF files to be saved in a designated folder created by the producing party on the Source Code Computer. The producing party shall produce a single, text-searchable, password-protected PDF file containing the PDF files in the designated folder for each source code review session. Each page of the PDF file shall bear the designation "HIGHLY CONFIDENTIAL SOURCE CODE" and Bates numbering. Within 3 business days the PDF file will be produced on a hard drive or flash memory drive which shall be password protected and encrypted using PGP encryption software. The producing party shall provide, in a separate communication, the necessary passwords needed to access any source code produced in this manner.

[PROPOSED] PROTECTIVE ORDER - 10

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

(d) The receiving party shall be permitted to make no more than four additional electronic or hard copies of any source code PDF files produced pursuant to paragraphs (e) and (f) (i.e. shall maintain no more than five copies). Each of these additional copies shall be designated and clearly labeled "CONFIDENTIAL SOURCE CODE," and the receiving party shall maintain a log of all such copies, which it must produce to the producing party upon request. No other copies of source code shall be made unless otherwise allowed herein;

(e) If the receiving party's outside counsel or experts obtain source code material pursuant to the provisions herein, the receiving party shall ensure that such outside counsel or experts keep the source code material in a secured locked area in the offices of such outside counsel, consultants, or expert. Electronic copies of source code PDF files must be kept on encrypted, password-protected electronic media in the possession of such outside counsel or experts. The receiving party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (e.g., a hotel prior to a Court proceeding or deposition);

(f) The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain derivative materials created using source code, such as any notes of an expert, in a secured, locked area. The receiving party shall only make additional electronic or paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other individual.

12.  **~~PROSECUTION/~~ACQUISITION BAR**

12.1    Any person who reviews Microsoft's or SRC's HIGHLY CONFIDENTIAL –

[PROPOSED] PROTECTIVE ORDER - 11

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

ATTORNEYS' EYES ONLY or CONFIDENTIAL SOURCE CODE except for documents and information not of a technical nature or that is publicly available ("BAR MATERIAL") shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) engage in any ~~Prosecution/~~Acquisition Activity (as defined below) on behalf of a party in this case or non-party.

12.2. ~~Prosecution/~~Acquisition Activity shall include any activity related to the ~~prosecution or~~ acquisition of patents or patent applications closely related to: (i) reconfigurable computing technology (ii) the patents asserted in this action; (iii) any continuations, continuations in part, reissues, or divisionals that derive in whole or in part from the patents asserted in this action; (iv) any patent in the subject matter of the patents-in-suit and assigned to a Party or an entity owned or controlled by a Party; or (v) any patents in the subject matter of the patents-in-suit assigned to Plaintiffs or any entity with any degree of common ownership, any degree of common control, or any degree of common employees as Plaintiffs at any point in time. ~~For purposes of this paragraph, "prosecution" includes, without limitation directly or indirectly drafting, amending, advising on, or otherwise affecting the scope of patent claims. Prosecution includes, for example, original prosecution, reissue, reexamination, or other proceedings affecting the scope or maintenance of patent claims, including inter partes review or covered business method review. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination, inter partes review, or covered business method review). Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.~~ For purposes of this paragraph, "acquisition" means the

acquisition of patents (including patent applications) or any exclusive rights to patents or patent applications with subject matter relating <u>closely</u> to reconfigurable computing. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations.

12.3. Notwithstanding the provisions in section 12.1-12.2, ~~the receiving party may seek leave from this Court for litigation counsel, experts and/or consultants to participate in reexamination proceedings (including inter partes review and covered business method review) brought by the producing party. Additionally,~~ a party may seek leave of Court to exempt particular individuals from the ~~prosecution/~~acquisition bar, such exemptions to be considered on an individual basis.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the inadvertent production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This exception does not apply to materials whose privilege is waived because of an assertion of an opinion of counsel defense.

DATED: April 30, 2018

Honorable James L. Robart
United States District Court Judge

*Presented by:*

CALFO EAKES & OSTROVSKY PLLC

By   s/ *Patty A. Eakes*

[PROPOSED] PROTECTIVE ORDER - 13

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Patricia A. Eakes, WSBA# 18888
Emily Powell, WSBA #49351
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 407-2200
Fax: (206) 407-2224
Email: pattye@calfoeakes.com
emilyp@calfoeakes.com

David E. Killough, WSBA #40185
1 Microsoft Way
Redmond, WA 98052
Tel: (425) 703-8865
Email: davkill@microsoft.com


Richard A. Cederoth (admitted *pro hac vice*)
Nathaniel C. Love (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Email: rcederoth@sidley.com
Email: nlove@sidley.com

Joseph A. Micallef (admitted *pro hac vice*)
Scott M. Border (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Email: jmicallef@sidley.com
Email: sborder@sidley.com

*Attorneys for Defendant Microsoft Corporation*

[PROPOSED] PROTECTIVE ORDER - 14

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on _____, 2018 in the case of *SRC Labs, LLC & Saint Regis Mohawk Tribe v. Microsoft Corporation*, Case No. 2:18-cv-00321-JLR. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I am a United States citizen or a permanent legal resident in the United States and further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] PROTECTIVE ORDER - 15

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF registered participants.

DATED this 24th day of April, 2018.

                                                 *s/Erica. Knerr*
                                                 Erica Knerr

[PROPOSED] PROTECTIVE ORDER - 16

Case No. 2:18-cv-00321-JLR

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224